1

2

3

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

4

5

JO WHITLOCK,

                    Plaintiff,

6

vs.

Case No. 2:13–cv–2309–JAD–VCF

7

CITY OF CALIENTE, *et al.*,

**ORDER**

8

                    Defendants.

9

10

        This matter involves Plaintiff Jo Whitlock's section 1983 action against the City of Caliente,

11

among others. Before the court is Whitlock's Motion to Compel (#20[1]) and Supplement (#23).

12

Defendants filed an opposition (#26); and Whitlock replied (#27). For the reasons stated below,

13

Whitlock's Motion to Compel is denied.

14

**LEGAL STANDARD**

15

        Federal Rule of Civil Procedure 37 governs motions to compel. It provides, *inter alia*, that a

16

motion to compel "must include a certification that the movant has in good faith conferred or attempted

17

to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without

18

court action." FED. R. CIV. P. 37(a)(1). Local Rule 26-7(b) supplements Rule 37(a)(1) and states

19

"[d]iscovery motions will not be considered unless a statement of the movant is attached thereto

20

certifying, after personal consultation and sincere effort to do so, the parties have been unable to resolve

21

the matter without Court action."

22

        In *Shuffle Master, Inc. v. Progressive Games, Inc*., the Honorable Robert J. Johnston, U.S.

23

24

Magistrate Judge, held that "two components are necessary to constitute a facially valid motion to

25

_____

[1] Parenthetical citations refer to the court's docket.

compel." 170 F.R.D. 166, 170 (D. Nev. 1996). The court stated:

> First is the actual *certification* document. The certification must accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute. Second is the *performance,* which also has two elements. The moving party performs, according to the federal rule, by certifying that he or she has (1) in good faith (2) conferred or attempted to confer.

*Id.* (emphasis original). It must be clear from the record that both components have been satisfied "in order for a certification to have efficacy and for the discovery motion to be considered." *Id.* It is axiomatic that failure to comply with the rules' certification requirement warrants the denial of a motion to compel. *Id.* at 172.

## DISCUSSION

Defendants' oppose Whitlock's motion on one basis: namely, that Whitlock failed to meet and confer before filing his motion to compel. (*See* Def.'s Opp'n #26). The court agrees. Whitlock's reply argues that he did, in fact, meet and confer on July 28, 2014, "[a]s set forth in the affidavit of Adam Levine." (Pl.'s Reply (#27) at 2:14). However, the affidavit states that Plaintiff's counsel's secretary left a voicemail with Defense counsel, stating that the motion to compel would be filed if responses were not received by the end of the day. (Levine Aff. (#20) at ¶ 10). This is insufficient.

The rules' certification requirement is not a notice requirement. The certification requirement exists to compel the parties to meet in person, "personally engage in two-way communication," and "meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *Shuffle Master*, 170 F.R.D. at 171.

The meet and confer requirement is designed to avoid the exact situation that exists here: disorganized briefing that is the result of poor communication. On August 8, 2014, Whitlock filed the instant motion to compel. Following stipulations to extend time, Whitlock filed a supplement on September 8, 2014, which raises new issues regarding different discovery requests. On September 22,

2014, Defendants filed a response, which argues that Whitlock agreed to withdraw part of the motion to compel and that he also failed to meet and confer before filing the supplement. On September 29, 2014, Whitlock filed a reply that addresses the agreement to withdraw a portion of the motion to compel and the his failure to meet and confer. At this point, arguments regarding the underlying issue—discovery requests and responses—are abandoned.

Rather than adjudicate issues on a rolling basis, the court denies Whitlock's motion to compel and orders the parties to meet and confer in person, "personally engage in two-way communication," and "meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *Shuffle Master*, 170 F.R.D. at 171. If, after meeting and conferring, the parties fail to reach an agreement regarding their discovery dispute, then they may file a motion to compel that complies with the Federal Rules of Civil Procedure, the Local Rules, and the governing discovery plan and scheduling order.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Whitlock's Motion to Compel (#20) is DENIED.

IT IS SO ORDERED.

DATED this 1st day of October, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

3